Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4251 | **DATE** | 11/7/2003 |
| **CASE TITLE** | Martinez vs. Mote | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum, the Court dismisses Martinez's second and third claim as procedurally defaulted but rejects respondent's argument that the first claim is procedurally defaulted. Respondent is ordered to file an answer addressing the merits of the first claim on or before 12/3/03 is directed to file with the Clerk a complete copy of the transcript of Martinez's trial and sentencing. Martinez is ordered to reply to respondent's answer on or before 1/7/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 12 2003 | 14 |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS MARTINEZ, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 03 C 4251 |
| STEPHEN D. MOTE, | ) ) ) |
| Respondent. | ) |

DOCKETED
NOV 1 2 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Luis Martinez was convicted in an Illinois court of first degree murder and was given a 50 year prison term. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging ineffective assistance of trial counsel based on counsel's failure to call character witnesses at sentencing; violation of his due process rights based on the prosecution's failure to disclose in timely fashion that a key witness had attempted suicide while in custody (this was disclosed on the eve of trial, but Martinez says it should have been disclosed sooner); and ineffective assistance of appellate counsel based on counsel's failure to present the other two issues on appeal. Respondent's answer to the petition asserts that each of these claims is procedurally defaulted. In this order we deal with that issue.

For a federal habeas petitioner to avoid procedural default, he must "fairly present any claims in state court first." *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A petitioner must afford the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v.*

*Boerckel,* 526 U.S. 838, 845 (1999).

Respondent contends that the third claim – ineffective assistance of appellate counsel for failure to raise the other two issues on appeal – was never raised in state court. Respondent suggests that this should have been raised on Martinez's direct appeal, but that is absurd – he is complaining about the conduct of counsel *on the direct appeal itself.* Such a claim could properly be raised only in Martinez's post-conviction petition. Respondent argues that it was not raised there either, but Martinez disputes this, noting in his reply that the issue was raised on page 17 of his post-conviction petition. Ordinarily we would look at the petition itself to resolve this dispute, but respondent has failed to provide it to the Court, contrary to its obligations under Rule 5 of the Rules Governing Habeas Corpus Cases. The exhibits filed with respondent's answer pursuant to Rule 5 include Exhibit F, which respondent represents was the "Petition for Post-Conviction Relief," but in fact Exhibit F included only Martinez's later amendment to the petition, not the petition itself. Because of respondent's own "procedural default" in raising this issue, the Court is tempted not to consider respondent's default claim at all. But there is another related aspect of the issue on which respondent has avoided a similar flub. The law of procedural default requires the habeas corpus petitioner to have raised the issue through one *complete* round of state proceedings. *See Boerckel,* 526 U.S. at 845; *Rodriguez v. Peters,* 63 F.3d 546, 555 (7th Cir. 1995). Even though Martinez possibly raised the ineffective assistance of appellate counsel issue in his *pro se* post-conviction petition and undeniably raised it in his *pro se* petition for leave to appeal to the Illinois Supreme Court, the issue was not alluded to in any way in his appeal to the Illinois Appellate Court. *See* Answer, Exhibits H, I & J. For this reason, he procedurally defaulted the ineffective assistance of appellate counsel issue. Because Martinez has offered no

basis on which to excuse the default, he cannot pursue his third claim in federal court.

With regard to the due process claim having to do with production of evidence of the prosecution witness's suicide attempt, it is not clear whether the underlying facts were sufficiently developed in the record for the issue to be raised on Martinez's direct appeal from his conviction. But whether or not that is so, the claim has been procedurally defaulted. If he was required to raise it on direct appeal, the claim is defaulted because he plainly did not do so. Ineffective assistance of appellate counsel might be a legitimate excuse for the default, but only if the claim of ineffective assistance of appellate counsel in this regard was itself raised through one complete round of state proceedings, *see Edwards v. Carpenter*, 529 U.S. 446 (2000), and that was not done because ineffective assistance of appellate counsel on this point was not mentioned on Martinez's appeal to the Illinois Appellate Court from the dismissal of his post-conviction petition. If, on the other hand, the due process claim could not have been raised on direct appeal because it was based in part on evidence outside the record, then as discussed above it had to be raised in Martinez's post-conviction petition and then pursued both in his appeal to the Illinois Appellate Court and his petition for leave to appeal to the Illinois Supreme Court. Once again, the issue appears to have been raised in Martinez's *pro se* post-conviction petition and in his petition for leave to appeal, but it was not raised or even alluded to in his appeal to the Illinois Supreme Court. *See* Answer, Exhibits H, I & J. Martinez has offered no excuse for this default, so he cannot pursue this claim in federal court.

This takes us finally to Martinez's first claim, that his trial counsel was ineffective for failure to call character witnesses at sentencing. It does not appear that this claim could have been raised on direct appeal, for as best as we can tell, it is based on evidence that was outside

3

the record of Martinez's trial proceedings (and respondent does not argue that Martinez defaulted by failing to raise the issue on direct appeal, *see* Answer, pp. 7-8). Martinez indisputably raised it in the amendment to his *pro se* post-conviction petition and in his *pro se* petition for leave to appeal to the Illinois Supreme Court. The question is whether the claim was sufficiently raised in his appeal to the Illinois Appellate Court from the dismissal of his post-conviction petition. Respondent argues that the appeal only raised a state-law issue, namely whether the petition had been dismissed improperly without holding a hearing. But after reviewing the appeal brief, the Court believes that the ineffective assistance of trial counsel issue was sufficiently raised to avoid a default.

As respondent states in its answer, the question is whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve it as a federal issue. Answer at 7, citing *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001). And as respondent further states in its answer, four factors warrant review in this regard: whether petitioner relied on federal cases that engage in a constitutional analysis, whether petitioner relied on state cases which apply a constitutional analysis to similar facts, whether petitioner framed the claim in terms so particular as to call to mind a specific constitutional right, and whether petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Answer at 7, citing *Sullivan v. Fairman,* 731 F.2d 450, 454 (7th Cir. 1984); *see also Verdin v. O'Leary,* 972 F.2d 1467, 1473-74 (7th Cir. 1992) (citing the same factors). Martinez's post-conviction appeal brief cited no federal cases, but it unquestionably raised the issue of ineffective assistance of trial counsel using that very phrase, which was plainly particular enough to call to mind a specific federal constitutional right. *See, e.g.,* Answer, Ex. H, pp. 7, 8. Second, the

4

pattern of facts discussed in detail in the appeal brief – counsel's failure to call key witnesses who were ready and willing to testify and were known to counsel – was without question well within the mainstream of federal constitutional litigation. Third, though Martinez cited no federal cases, he cited several state cases that apply the same analysis used by federal courts in addressing federal claims of ineffective assistance of counsel and which themselves relied on federal cases, including the Supreme Court's seminal discussion of the issue, *Strickland v. Washington,* 466 U.S. 668 (1984). *See* Answer, Ex. H, p. 10 (citing *People v. Ruiz,* 132 Ill. 2d 1, 547 N.E.2d 170, 181-82 (1989); *People v. Caballero,* 126 Ill. 2d 248, 533 N.E.2d 1089, 1098-1102 (1989); *People v. Perez,* 148 Ill. 2d 168, 592 N.E.2d 984, 995-96 (1992); and *People v. Daugherty,* 204 Ill. App. 3d 614, 561 N.E.2d 1384, 1386 (1990)). And in affirming the dismissal of the post-conviction petition, the Appellate Court cited *People v. Albanese,* 104 Ill. 2d 504, 473 N.E.2d 1246 (1984), which discusses *Strickland* at length and adopts the same standard. Under the circumstances, the Court does not think that Martinez's first claim presents a close case on the issue of default; to hold the claim defaulted would elevate empty formalism over the basic considerations of comity that underlie the doctrine of procedural default.

**Conclusion**

For the foregoing reasons, the Court dismisses Martinez's second and third claims as procedurally defaulted but rejects respondent's argument that the first claim is procedurally defaulted. Respondent is ordered to file an answer addressing the merits of the first claim on or before December 3, 2003 is directed to file with the Clerk a complete copy of the transcript of Martinez's trial and sentencing. Martinez is ordered to reply to respondent's answer on or before

5

January 7, 2004.

_/s/ Matthew Kennelly_
MATTHEW F. KENNELLY
United States District Judge

Date:   November 7, 2003